# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICHARD STIEFEL,<br><br>      Plaintiff,<br>vs.<br><br>BECHTEL CORPORATION,<br><br>      Defendant. | CASE NO. 06-CV-1414-H (WMC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT |

On May 29, 2007, defendant Bechtel Corporation ("Defendant") filed a motion to dismiss plaintiff James Richard Stiefel's (Plaintiff) second amended complaint ("SAC"). (Doc. Nos. 44-45.) On July 2, 2007, Plaintiff filed an opposition to Defendant's motion to dismiss. (Doc. No. 49.) On July 6, 2007, Defendant filed a reply. (Doc. No. 50.)

The Court exercises its discretion to decide this motion on the papers, without oral argument, pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court **GRANTS WITH PREJUDICE** Defendant's motion to dismiss Plaintiff's claims pursuant to sections 6310 and 6311 of California's Labor Code, as those claims are barred by the federal enclave doctrine.

## Background

Plaintiff began working for Defendant at the San Onofre Nuclear Generating

Station ("SONGS") on or about May 1, 2004 in the facilities department. (SAC ¶ 8.) On or about March 6, 2006, Defendant laid off Plaintiff. (Id. ¶ 29.) Defendant performs services at SONGS pursuant to a contract it has with Southern California Edison. (Id. ¶ 4.)

In June 2006, Plaintiff filed a complaint in San Diego County Superior Court for wrongful termination in violation of public policy, failure to accommodate a disability in violation of California's Fair Employment Housing Act, section 12940 et seq. of California's Labor Code ("FEHA"), retaliation in violation of FEHA, violations of California's Labor Code, negligent supervision, and intentional infliction of emotional distress. (Compl. ¶¶ 1-74.) Defendant removed the suit to federal court. (Notice Removal, at 1-6.) On December 27, 2006, Plaintiff filed a first amended complaint ("FAC") adding claims for failure to accommodate a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") and the Rehabilitation Act, 29 U.S.C. § 701 et seq., and retaliation in violation of the ADA. (FAC ¶¶ 1-75.)

On February 26, 2007, the Court held a hearing on Defendant's motion to dismiss Plaintiff's FAC. At the hearing, Plaintiff's attorney Marcus Jackson stated that he did not have a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") regarding his ADA claims. On April 10, 2007, the Court filed an order dismissing without prejudice Plaintiff's disability discrimination and retaliation claims based on the ADA, Plaintiff's disability discrimination claim under the Rehabilitation Act, and Plaintiff's claims for violations of sections 6310 and 6311 of California's Labor Code. (Doc. No. 41.) The court dismissed with prejudice Plaintiff's claims for wrongful termination in violation of public policy, disability discrimination and retaliation pursuant to FEHA, violations of sections 98.6, 1102.5, 132a, 6402, 6403, and 6404 of California's labor code, negligent supervision, and intentional infliction of emotional distress. (Id.)

On May 10, 2007, Plaintiff filed a SAC, in which he alleged Defendant violated

sections 6310 and 6311 of California's Labor Code. On May 29, 2007, Defendant filed a motion to dismiss both claims. (Doc. Nos. 44-45.)

## Discussion

**A.    Legal Standards for Motion to Dismiss**

Defendant has moved to dismiss both claims in Plaintiff's SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim pursuant to section 12(b)(6) tests the legal sufficiency of the claims in the complaint. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). While a complaint does not need detailed factual allegations to survive a motion to dismiss, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Rather, to survive a motion to dismiss pursuant to Rule 12(b)(6), factual allegations must be sufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. See id. at 1965.

Dismissal is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation. See North Star Intern. v. Arizona Corp. Com'n, 720 F.2d 578, 583 (9th Cir. 1983). Furthermore, a court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). If a complaint is found to fail to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

As a general matter, a court may only consider the pleadings and judicially

noticed facts in deciding a 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1990). Material that is properly attached to the complaint may properly be considered for purposes of a motion to dismiss without converting the motion into one for summary judgment. See id. at 1555 n.19. Also, a court may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). This doctrine extends to situations in which the plaintiff's claim depends on the contents of a document and the defendant attaches the document to its motion to dismiss, even though the plaintiff does not explicitly allege the contents of that document in the complaint. See id.

**B.   Federal Enclave Doctrine**

Defendant alleges that Plaintiff's claims pursuant to sections 6310 and 6311 of California's Labor Code are barred by the federal enclave doctrine.

Article I, Section 8, Clause 17 of the United States Constitution provides that Congress shall have the power to exercise exclusive legislation over all places purchased by the consent of the legislature of the state in which the same shall be. This constitutional provision grants federal courts federal question jurisdiction over tort claims that arise on federal enclaves. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006); see also William W. Schwarzer, et al., California Practice Guide: Civil Procedure Before Trial,¶ 2:89.10, p. 2B-30 (2005). Furthermore, the enclave clause permits the continuance of those state laws existing at the time of the surrender of sovereignty, except insofar as they are inconsistent with the laws of the United States or with the governmental use for which the property was acquired, unless they are abrogated by Congress, so that no area may be left without a developed legal system for private rights. See Pacific Coast Dairy v. Department of Agriculture of Cal., 318 U.S. 285, 294 (1943); James Stewart & Co. v. Sadrakula, 309 U.S. 94, 99-100 (1940). Because the federal government has exclusive jurisdiction, such laws become

federal laws, although having their origin in the laws of the state. See James Stewart & Co., 309 U.S. at 100; Mater v. Holley, 200 F.2d 123, 124 (5th Cir. 1952); see also 91 C.J.S. United States § 15 (2006).

Only state laws in effect at the time of cession or transfer of jurisdiction, however, can continue in operation. See James Stewart & Co., 309 U.S. at 100. Once a state cedes jurisdiction to the federal government, "an authorization of state regulation is found only when and to the extent there is 'a clear congressional mandate,' 'specific congressional action' that makes this authorization of state regulation 'clear and unambiguous.'" Hancock v. Train, 426 U.S. 167, 179 (1976). Therefore, a "federally owned facility performing a federal function is shielded from direct state regulation, even though the federal function is carried out by a private contractor, unless Congress clearly authorizes such state regulation." Goodyear Atomic Corp. v. Miller, 486 U.S. 174, 180 (1988).

### 1. Plaintiff's Claims Pursuant to Sections 6310 and 6311 of California's Labor Code

The Court has previously taken judicial notice of the fact that SONGS is located within the federal enclave of Camp Pendleton, which was acquired by the federal government no later than December 31, 1942. (Order Granting Mot. Dismiss at 3-5.) Defendant argues that sections 6310 and 6311 of California's Civil Code were enacted after the transfer of jurisdiction of the area encompassing SONGS to the federal government, and therefore Plaintiff's claims pursuant to those sections must be dismissed. Plaintiff counters that Congress has approved the enforcement of these statutes on federal enclaves.

Sections 6310 and 6311 of California's Labor Code were enacted as part of the California Occupational Safety and Health Act of 1973 ("Cal/OSHA"). See Cal. Stats. 1973, ch. 993, §§ 40, 59, 61, p. 1927, 1930; see also Division of Labor Law Enforcement v. Sampson, 64 Cal. App. 3d 893, 895 (1976) ("Labor Code section 6310 is a part of the California Occupational Safety and Health Act of 1973.") Section 6311

was derived from former section 6604 of the Labor Code, adopted by the California Legislature in 1949. <u>See</u> Cal. Stats. 1949, ch. 1060, § 1, p. 1968. Therefore, both of these California statutes are inapplicable in SONGS because of the federal enclave doctrine unless they come within a reservation of jurisdiction or were adopted by Congress. <u>See</u> <u>James Stewart & Co.</u>, 309 U.S. at 100; <u>Paul v. United States</u>, 371 U.S. 245, 268 (1963); 91 C.J.S. United States § 15.

Plaintiff, relying on <u>Taylor v. Lockheed Martin Corp.</u>, 78 Cal. App. 4th 472 (2000), argues that Congress has authorized the enforcement of sections 6310 and 6311 of California's Labor Code in federal enclaves. In <u>Taylor</u>, the state appellate court held that a plaintiff was able to bring a claim for alleged violations of the whistleblower provisions of subsections (a) and (b) of section 6310 of California's Labor Code occurring on an Air Force base. <u>See</u> <u>Taylor</u>, 78 Cal. App. 4th at 483-85. The <u>Taylor</u> court reasoned that the U.S. Secretary of Labor's approval of the Cal/OSHA plan, which provided for a private right of action against employers, "is the equivalent of congressional action" for the purpose of permitting a plaintiff to assert a claim for relief under Cal/OSHA against a federal enclave contractor, and allows state safety regulation of federal enclaves when the responsible federal agency does not claim "exclusive jurisdiction." <u>See</u> <u>id.</u> at 483-85 (citing Cal. Labor Code § 6303 (defining "place of employment" within California as "any place, and the premises appurtenant thereto, where employment is carried on, except a place the health and safety jurisdiction over which is vested by law in, and actively exercised by, any state or federal agency . . . ."); 29 C.F.R. § 1952.172(b)(4) (providing "[t]he U.S. Department of Labor will continue to exercise authority, among other things, with regard to: [¶] . . . . (4) Private contractors on Federal installations where the Federal agency claims exclusive Federal jurisdiction, challenges State jurisdiction and/or refuses entry to the State . . . ."). Since the federal agency responsible for the federal enclave, the United States Air Force, allowed inspectors from California's Division of Occupational Safety and Health to investigate the plaintiff's complaint that his termination from a civilian contractor

operating on the Air Force base was racially motivated and was in retaliation for a previous complaint regarding safety equipment, the <u>Taylor</u> court concluded that the federal agency did not claim exclusive jurisdiction, and therefore California's occupational safety laws applied since the federal agency was not actively exercising its jurisdiction. <u>See</u> <u>id.</u> Plaintiff argues that this Court should similarly conclude that 29 U.S.C. § 667(b), which creates a process whereby states may enact laws regarding occupational safety or health issues to preempt federal standards, and 29 C.F.R. 1952.172(4), permit Plaintiff to bring his claims pursuant to sections 6310 and 6311 of California's Labor Code because no federal agency is actively exercising exclusive jurisdiction over SONGS.

Defendant argues that <u>Taylor</u> incorrectly concluded that approval of Cal/OSHA by the U.S. Secretary of Labor permits, under certain circumstances, enforcement of Cal/OSHA within a federal enclave, because such approval does not constitute the clear and unambiguous congressional approval required to permit state regulation within a federal enclave. <u>See</u> <u>Goodyear Atomic Corp.</u>, 486 U.S. at 180; <u>Hancock</u>, 426 U.S. at 179. Rather, Defendant argues, the Court should adopt the reasoning of <u>Department of Labor & Indus. v. Dirt & Aggregrate, Inc.</u>, 120 Wash. 2d 49 (1992), in which the Washington Supreme Court concluded that a status agreement between the state and the Secretary of Labor did "not constitute a specific and unambiguous grant of authority" to the state to enforce state laws in a federal enclave. <u>See</u> <u>Department of Labor & Indus.</u>, 120 Wash. 2d at 54 ("Absent a specific provision, [an] attempt to imply a grant of authority from general language in OSHA is simply not sufficient to support state regulation."). The <u>Department of Labor & Indus.</u> court added that "[i]t is highly questionable that the [U.S.] Secretary of Labor has the power to independently allow states to enforce workers' safety laws within a federal enclave." <u>Id.</u> at 55 n.4. Additionally, the court concluded that even if a state intends its safety and health statutes to apply to federal enclaves, under the supremacy clause, federal law preempts conflicting state legislation. <u>See</u> <u>id.</u> at 56.

It appears to the Court that the <u>Department of Labor & Indus.</u> court's conclusion that the approval of the U.S. Secretary of Labor of a state occupational safety and health statute is not the equivalent of the clear and unambiguous congressional approval required to permit plaintiffs to bring claims pursuant to state law for actions occurring at a federal enclave is correct. See <u>Association of Public Agency Customers, Inc. v. Bonneville Power Admin.</u>, 126 F.3d 1158, 1173 (9th Cir. 1997) ("[S]tates do not have the power, absent absolutely clear congressional direction to the contrary, to regulate transmission lines owned by . . . a federal agency."); <u>Parola v. Weinberger</u>, 848 F.2d 956, 960-62 (9th Cir. 1988) (concluding that federal installation was required to comply with local exclusive garbage collection arrangement for solid waste collection and disposal because 42 U.S.C. § 6961 "unambiguously subjects federal instrumentalities to state and local regulation"); <u>see also</u> <u>Goodyear Atomic Corp.</u>, 486 U.S. at 181-83 (clear congressional authorization for application of state statute was provided by 40 U.S.C. § 290 to allow states to apply workmen's compensation laws to federal premises to same extent as such laws are applied to private facilities).

It is not necessary, however, for this Court to decide whether a federal agencies' failure to exercise exclusive jurisdiction over an occupational safety and health issue in California could ever permit a plaintiff to bring suit pursuant to Cal/OSHA at a federal enclave. Rather, the Court concludes that, even under <u>Taylor's</u> permissive standard, Plaintiff has failed to allege sufficient facts to support his theory that the federal agency responsible for SONGS has failed to exercise exclusive jurisdiction such that Plaintiff may bring his claims pursuant to sections 6310 and 6311 of California's Labor Code. The <u>Taylor</u> court relied on the fact that it was undisputed that Air Force officials allowed California Division of Occupational Safety and Health inspectors to come onto the base to investigate the plaintiff's complaints in concluding that the Air Force was not actively exercising exclusive jurisdiction such that plaintiff could pursue his § 6310 claim regarding activities on the federal enclave. See <u>Taylor</u>, 78 Cal. App. 4th at 484. Therefore, Plaintiff's general allegations that no federal

1  agency has exercised exclusive jurisdiction over SONGS and that the California
2  Division of Occupational Safety and Health has authority over private sector employers
3  and employees at SONGS and has issued citations and conducted investigation as
4  SONGS (SAC ¶ 5) fails to allege a failure by the federal agency responsible for
5  SONGS to exercise exclusive jurisdiction over Plaintiff's complaints of retaliation to
6  allow Plaintiff's 6310 and 6311 claims to escape being barred by the federal enclave
7  doctrine.  Furthermore, the Court concludes that Plaintiff has demonstrated that he is
8  unable to cure this deficiency.  Accordingly, the Court grants with prejudice
9  Defendant's motion to dismiss Plaintiff's claims pursuant to sections 6310 and 6311
10 of California's Labor Code as they are barred by the federal enclave doctrine.

**C.    Other Arguments**

Since the Court has already concluded that Plaintiff's claims pursuant to sections 6310 and 6311 of California's Labor Code should be dismissed because they are barred by the federal enclave doctrine, the Court declines to address Defendant's arguments that Plaintiff has failed to allege sufficient facts to support his section 6311 claim, or that Plaintiff's jury demand and prayer for a permanent injunction, special damages, noneconomic damages, general damages, and punitive damages should be stricken. Furthermore, to the extent that Plaintiff argues that SONGS is not located on a federal enclave based on the retrocession of certain lands formerly a part of Camp Pendleton (Pl.'s Opp. Def.'s Mot. Dismiss at 1 n.1; Pl.'s Req. Judicial Notice Supp. Opp. Ex. A) the Court concludes that the document submitted by Plaintiff supports, rather than contradicts, the conclusion that SONGS is located on a federal enclave. The document, minutes from California's State Land Commission, discusses the retrocession of property from the federal government to California that borders the property on which SONGS is located. (Pl.'s Req. Judicial Notice Supp. Opp. Ex. A, at 699 (defining land retroceded as "extending southeasterly a distance of eighteen thousand, two hundred twenty feet (18,220) from the southeast boundary of an easement for construction and operation of a nuclear generating station, granted to Southern California Edison

Company and San Diego Gas and Electric Company . . . .").)  Therefore, the Court again takes judicial notice that SONGS is located within a federal enclave.

## Conclusion

For the reasons discussed, the Court **GRANTS WITH PREJUDICE** Defendant's motion to dismiss Plaintiff's claims pursuant to sections 6310 and 6311 of California's Labor Code, as those claims are barred by the federal enclave doctrine. Since Plaintiff has no further claims before the Court at this time, the Clerk of Court should close this case.

IT IS SO ORDERED.

DATED: July 13, 2007

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.